IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-145-BO

| | |
|---|---|
| MARY WILKINS FOGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 21]. A hearing on this matter was held in Elizabeth City, North Carolina on January 14, 2015. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the judgment of the commissioner is REVERSED.

## BACKGROUND

Plaintiff applied for disability insurance benefits on October 14, 2010, alleging disability beginning January 15, 2010. [Tr. 25, 27]. This application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing and on July 11, 2012, rendered an unfavorable decision. The Appeals Council denied Ms. Fogg's request for review, rendering the ALJ's decision the final decision of the Commissioner. Ms. Fogg now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

On her alleged onset of disability date, plaintiff was 48 years old, though she is now 53 years old. [Tr. 40]. She has a high school education and a prior career as a janitor, house cleaner, and certified nurse's assistant. [*Id.*]. Ms. Fogg has coronary artery disease and is HIV positive, obese, and diabetic. [Tr. 40–41].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period from her alleged onset date to the date last insured. [Tr. 27]. Ms. Fogg's coronary artery disease with history of bypass surgery, obesity, diabetes mellitus, and status as HIV positive qualified as severe impairments at step two

2

but were not found to meet or equal a Listing at step three. [Tr. 27–28]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform the full range of light work. [Tr. 28]. The ALJ then found that Ms.Fogg could no longer perform her past relevant work as a janitor and a certified nurse's assistant at step four. [Tr. 30]. At step five, however, the ALJ found that plaintiff was not disabled because, pursuant to the Medical Vocational Guidelines (Grids), jobs existed in significant numbers in the national economy that she could perform. [Tr. 30–31].

Substantial evidence does not support the ALJ's RFC finding in this matter. The first flaw in the ALJ's decision was finding that Ms. Fogg's ability to "perform some household chores" and "sit through church service" supported an RFC of light work. [Tr. 30]. A person's ability to sit for a one hour church service and "make the bed" or "dust," as plaintiff testified she did sporadically, provide no support for a person's ability to lift 20 pounds, and walk up to six hour in an eight hour workday, as required for an RFC of light work. [Tr. 45]. The ALJ's error is particularly obvious in light of the numerous notations in the record of plaintiff's inability to walk for any length of time without shortness of breath. [Tr. 152, 162, 170, 223, 226]. The ALJ completely ignored the rest of plaintiff's testimony about her limitations in terms of daily activities, focusing only on the minimal statements that might support an RFC of light work.

The ALJ also erred in discounting plaintiff's testimony regarding the limitations caused by her coronary artery disease. The ALJ noted that although Ms. Fogg suffered from "some shortness of breath," she maintained a normal cardiac profile and had not required significant treatment following her 2008 triple bypass. [Tr. 30]. While it is true that plaintiff has not had surgery since 2008, her physician did a cardiac catheterization in 2011, following reports of similar symptoms to those which predated plaintiff's triple bypass. [Tr. 229–32]. This procedure

3

revealed that Ms. Fogg suffered from severe coronary artery disease with between 70% and 95% stenosis. [Tr. 232]. This evidence directly contradicts the ALJ's finding that plaintiff maintained a normal cardiac profile following her 2008 surgery and strongly bolsters plaintiff's credibility regarding her shortness of breath and fatigue.

The ALJ next discounted Ms. Fogg's credibility by finding that her medications and medical conditions did not preclude her from performing her self-employment activities. [Tr. 30]. In fact, what Ms. Fogg said was that if she was feeling good, she would drive her daughter to clean one woman's house, but that her daughter performed all of the work while plaintiff herself sat watching television because she was incapable of doing the work. [Tr. 50]. Plaintiff did not testify that she performed any self-employment activities whatsoever, she merely stated that she went with her daughter because the homeowner preferred plaintiff to be there while plaintiff's daughter cleaned. [*Id.*]. There is no evidence in the record whatsoever that plaintiff was able to do self-employment activities of a housekeeper, and the evidence in the record in fact supports plaintiff's testimony that she was incapable of doing anything but the bare minimum of housework.

Viewing plaintiff's testimony as credible necessarily leads to the conclusion that the ALJ's finding of an RFC of the full range of light work is not supported by substantial evidence. This conclusion is underscored by the fact that neither state agency physician determined that plaintiff was capable of the full range of light work. [DE. 61, 71]. Indeed, it is clear to the Court that, at most, Ms. Fogg is capable of sedentary work. She has heart disease, fatigue, shortness of breath, a sedentary lifestyle, and is obese. The full range of light work requires that she be able to stand for six out of eight hours. She testified and the medical evidence demonstrates that she has difficulty standing for more than 10 minutes at any time. [Tr. 45–46]. While the evidence is

4

Case 5:14-cv-00145-BO   Document 26   Filed 02/03/15   Page 4 of 6

unclear as to whether she is capable of sedentary or less-than-sedentary work, this question does not need to be resolved. Ms. Fogg has a high school education and unskilled past relevant work. [Tr. 30]. An RFC of sedentary work necessitates a finding of disability under the Grids as of Ms. Fogg's 50th birthday, September 16, 2011. Accordingly, Ms. Fogg should have been found disabled pursuant to grid rule 201.14. 20 C.F. R. Pt. 404, Subpt. P, App'x II 201.12.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, it is clear that the record does not contain substantial evidence to support a decision denying coverage. The Court therefore REVERSES the decision of the Commissioner and remands to the agency for an award of benefits as of his alleged onset date of September 16, 2011.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 21] is DENIED, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.


SO ORDERED, this ⸺ day of February, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE